UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD M. JACK, *pro se*, | ) | CASE NO. 5:19cv2272 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| ANDREW SAUL, *Comm'r of Soc. Sec.*, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

Plaintiff Todd M. Jack filed a complaint *pro se* against Defendant Andrew Saul, Commissioner of Social Security (Commissioner), regarding Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 et seq. (R. 1). The Commissioner has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing the complaint is untimely and, alternatively, Plaintiff failed to exhaust administrative remedies. (R. 19). Plaintiff filed an Opposition, Commissioner a Reply and Plaintiff a Response. (R. 20, 21, 22). For the reasons set forth below, the Magistrate Judge recommends GRANTING the Motion.[1]

**I.    Background**

Plaintiff applied for disability benefits on December 10, 2011.[2] The Commissioner denied his claim, and Plaintiff appealed to federal court, which reversed in part and remanded for

---

[1] This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.
[2] R. 19-1, PageID# 114, Declaration of Dexter Potts, Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations for the Social Security Administration.

further administrative proceedings.³ The Appeals Council (AC), on remand, issued a notice of Order of Appeals Council remanding the case to an ALJ, with instructions to consolidate it with Plaintiff's subsequent claims for Title II and Title XVI SSI benefits filed on April 27, 2017.⁴

The ALJ conducted a hearing on December 14, 2018, during which Plaintiff was represented by counsel, testified and amended his disability onset date to September 29, 2014.⁵ On January 31, 2019, the ALJ issued a notice of a fully favorable final decision, finding Plaintiff disabled since September 29, 2014, for purposes of 1) the Title II DIB claim and 2) his April 27, 2017 Title XVI SSI claim.⁶ The ALJ's determination under Title II concluded the remanded case, but the separate determination regarding Title XVI SSI was an initial determination. *See* 20 CFR § 416.1402. The ALJ's decision indicated "the component of the Social Security Administration responsible for authorizing supplemental security income will advise the claimant regarding the nondisability requirements for these payments and, if the claimant is eligible, the amount and the months for which payment will be made."⁷ The ALJ's notice informed Plaintiff that "[a]nother office will process my decision and decide if you meet the non-disability requirements for Supplemental Income payments."⁸

The ALJ's notice advised that if Plaintiff disagreed with the decision, he could "submit written exceptions to the Appeals Council," and "you must file your written exception with the

---

³ R. 19-3, PageID# 147. Plaintiff appealed the U.S. District Court, Middle District of Florida, decision to the Eleventh Circuit Court of Appeals, arguing that the district court erred by remanding the case rather than ordering the immediate payment of benefits. R. 19-3, PageID# 139. The appellate court affirmed the district court's decision, on January 11, 2017. *Id.*
⁴ R. 19-1, PageID# 114.
⁵ R. 19-4, PageID# 173.
⁶ R. 19-4, PageID# 169, 178, 179.
⁷ R. 19-4, PageID# 179.
⁸ R. 19-4, PageID# 169.

2

Appeals Council within 30 days of the date you get this notice" explaining why he disagreed with the decision.[9] It further advised Mr. Jack that—unless he submitted written exceptions or the AC *sua sponte* exercised jurisdiction—the ALJ's January 31, 2019 decision would "become final on the 61st day following this notice" and, thereafter, "you will have 60 days to file a new civil action in Federal court." *Id*. at 170.

On February 4, 2019, the Commissioner notified Plaintiff of an appointment to determine his eligibility for SSI.[10] The notification stated "[t]his is a very important letter that could affect whether you can get…[SSI]."[11] Plaintiff responded on February 18, 2019, and requested SSI retroactively, beginning June of 2007.[12] In a Notice of Disapproved Claim dated March 14, 2019, the Commissioner informed Plaintiff that his application for SSI "was denied because you did not give us the evidence or information we asked for."[13] That Notice informed Plaintiff that he had 60 days from the receipt to seek reconsideration in writing.[14]

Also on March 14, 2019, Plaintiff submitted a Request for Review of Hearing Decision/Order form, contesting the ALJ's determination of the start date of his disability.[15] The AC informed Plaintiff on July 30, 2019, that it construed his March 14, 2019 request as "exceptions" to the ALJ's decision, and indicated that it did not appear timely.[16] The AC provided Plaintiff twenty days to submit information proving that he filed his exceptions within

---

[9] R. 19-4, PageID#169-171.
[10] R. 19-4, PageID# 180.
[11] *Id*.
[12] R. 19-4, PageID# 183.
[13] R. 19-4, PageID# 188.
[14] R. 19-4, PageID# 189.
[15] R. 19-4, PageID# 184.
[16] R. 19-4, PageID# 192.

3

the required 30-day time frame.[17] On August 9, 2019, Plaintiff responded, stating that he timely filed his exceptions.[18] According to the record before the court, the "plaintiff's written exceptions are still pending before the Appeals Council and the Appeals Council has not ruled on whether Plaintiff's written exceptions were timely and, if so, whether the Council would assume jurisdiction."[19]

Plaintiff filed his complaint in this case on September 30, 2019.[20] He also filed a brief on the merits listing seven claims, but the crux of his case requests $4,800 per month in retroactive disability payments.[21] Plaintiff's first claim, "Violation of Federal Law-SSA disability claim filed on January 18, 2011[,]" contests the ALJ's determination regarding the disability onset date.[22] His second and third claims contend that the ALJ's decision conflicted with SSA determinations as well as the previous federal court decisions.[23] Claims four through seven raise issues concerning the Commissioner's implementation of the ALJ's decision regarding SSI.[24]

## II. Analysis

### A. Legal Standards

"When the defendant challenges a complaint for lack of subject matter jurisdiction

---

[17] R. 19-4, PageID# 192.
[18] R. 19-4, PageID# 194.
[19] R. 19-1, PageID# 115.
[20] R. 1.
[21] R. 14, PageID# 85-86. Although the court has identified Plaintiff as asserting seven claims, to be clear, Plaintiff's brief simply identifies each claim without developed discussion or argument.
[22] R. 14, PageID# 85.
[23] *Id*.
[24] These four claims are titled as: 4) "Violation of USA Social Security Administrative Judge Ruling"; 5) "Unlawful seizure of…SSA benefits and…Medicare"; 6) "Failure to Provide SSA Written and Recorded Financial Support" regarding monthly stipend and SSI back benefits; and 7) "Timely appeals to the Fort Myers, Florida SSA, Canton, Ohio SSA, and Appeals Council of the SSA in Falls Church, Virginia seldom receive responses."

through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000). The court may "resolve factual disputes regarding a challenge to subject matter jurisdiction without converting the motion to one for summary judgment." *McNett v. Nat'l Credit Union Admin.*, No. 3:09CV2085, 2010 WL 3420311, at *2 (N.D. Ohio Aug. 27, 2010). "[O]n a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes.... [I]t is clear that in either a Rule 12(b)(1) or a Rule 12(b)(6) motion, the parties are free to supplement the record by affidavits; however, in a Rule 12(b)(1) motion, this supplementation does not convert the motion into a Rule 56 summary judgment motion." *Id.* (*quoting Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915–16 (6th Cir. 1986)).

### B. The Regulatory Framework

Sections 205(g) and (h) of the Social Security Act (Act) authorize judicial review of final decisions from the Commissioner of Social Security, and 42 U.S.C. Section 405(g) provides the exclusive basis for judicial review in cases arising under the Act. 42 U.S.C. §405(g), (h).[25] To obtain judicial review, Plaintiff must satisfy three conditions: "a final decision of the Secretary after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice

---

[25] Section 405(h) clarifies that:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. §405(h).

of such decision, or within such additional time as the Secretary may permit; (3) filing of the action in the appropriate district court." *Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir. 1991) (internal citations omitted) (citing *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975)).

The Act does not define what qualifies as a "final decision;" rather it empowers the Commissioner to establish procedures necessary to obtain a final decision. *Weinberger*, 422 U.S. 749. The procedure to appeal an ALJ's decision after a remand from the federal court is governed by 20 C.F.R. § 404.984. Pursuant to these regulations, there are "three possible paths for review of an ALJ's decision of a remanded case: 1) the claimant can directly appeal the ALJ's decision to federal court without Appeals Council review; (2) the claimant can file 'exceptions' to the Appeals Council within 30 days; or (3) the Appeals Council can assume jurisdiction *sua sponte* within 60 days of the ALJ's decision." *Zayid v. Comm'r of Soc. Sec.,* No. 1:19CV732, 2019 U.S. Dist. LEXIS 218837, at *2 (N.D. Ohio Nov. 26, 2019), *adopted, Zayid v. Comm'r of Soc. Sec.*, 2019 U.S. Dist. LEXIS 219325 (N.D. Ohio, Dec. 20, 2019). If the AC does not *sua sponte* exercise jurisdiction, and if no exceptions are filed by the claimant, the "decision of the administrative law judge…becomes the final decision of the Commissioner after remand." 20 C.F.R. § 404.984(d).

The regulations governing the appeal process for an initial determination on SSI are in 20 C.F.R. §§ 416.1402-416.1483. The claimant's application is determined initially and may be evaluated under reconsideration. *Willis*, 931 F.2d at 397; *James v. Commissioner*, No. 16-6224, 2017 WL 3391704, at *2 (6th Cir. 2017). If the claimant is dissatisfied, claimant may request a hearing before an ALJ. *Id*. If the claimant remains dissatisfied with the ALJ's hearing decision, claimant may appeal to the AC. *Id.* The claim becomes final, under Section 405(g), after the AC renders its decision. *Willis*, 931 F.2d at 397.

6

As set forth below, Plaintiff's complaint should be dismissed as untimely filed to the extent he is challenging the ALJ's disability determination. In addition, to the extent that the complaint challenges the Social Security Administration's decision regarding his SSI benefits, such claims should be dismissed as unexhausted.

### C. Plaintiff's Complaint is Untimely and Should be Dismissed.

Although Plaintiff has not developed his various claims, the crux of his complaint challenges the ALJ's determination regarding the onset date of his disability. Plaintiff further states, without explanation, the ALJ's determinations conflicted with other SSA determinations and the previous federal court decisions. Because Plaintiff's case was remanded from the federal court, he had two options to file a timely appeal of the ALJ's January 31, 2019 decision. 20 CFR § 404.984. He could either file timely exceptions to the AC or commence a timely filed civil action. Plaintiff's complaint should be dismissed because he has not shown that he pursued either option in a timely manner.

#### 1. Plaintiff has not shown that he timely filed exceptions to the AC

A claimant who disagrees with the ALJ decision may file written exceptions to the AC within 30 days of receiving notice of the decision. 20 C.F.R. §404.984(b). The regulations presume the claimant received notice "5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. §404.901. A claimant may also request an extension of time to submit exceptions, but the request must be filed within 30 days from receipt of the ALJ's decision. 20 C.F.R. §404.984(b). Again, following remand, the ALJ rendered the favorable decision on January 31, 2019.

In accordance with the regulations, Plaintiff received notice of the ALJ's decision by

7

February 5, 2019. 20 C.F.R. § 404.901. Therefore, he was required to submit either written exceptions or a request for an extension of time by March 7, 2019, thirty days after he received the ALJ's decision.

The Commissioner contends that Plaintiff did not file written exceptions until March 14, 2019, and therefore they are untimely. (R. 19, PageID 105). Plaintiff's Opposition concedes that he did not file timely exceptions, when he acknowledges "Plaintiff did not find error with the SSA Law Judge's ruling of FULLY FAVORABLE for the Claimant/Plaintiff. Thus, no appeal was filed with the SSA Law Judge's office." (R. 20 PageID# 198). His Opposition, however, also attaches of copy of the March 14, 2019 Request for Review of Hearing Decision/Order form that he filed with the AC stating that he was appealing the "start date of his disability claim[.]" (R. 20, PageID# 203; R. 19-4, PageID# 184). Plaintiff attached a letter to that form, which conceded that Plaintiff was not filing exceptions to matters within ALJ's decision, having acknowledged that the ALJ ruled in his favor on the DIB claim, but requested SSI benefits retroactive to June 2007. (R. 19-4, PageID# 186).[26] Even if the court construes that as written exceptions, it postdates the March 7th deadline and is untimely pursuant to 20 C.F.R. §404.984(b). Plaintiff does not provide any explanation for his delay.

Plaintiff's Response also includes conclusory statements that he made appeals starting in "February 2019." (R. 22, PageID# 212).[27] Plaintiff's argument is to no avail. First, Plaintiff has not attached any supporting documents demonstrating timely filed exceptions before March 7,

---

[26] During the administrative hearing, Plaintiff, represented by counsel, amended his disability onset date to September 29, 2014 (R. 19-4, PageID# 173), which renders it unclear why Mr. Jack *pro se* requested retroactive benefits to 2007.

[27] Plaintiff also suggests he appealed by "the April 1, 2019 deadline," (R. 20, PageID# 199), but as explained above, the regulations provide 30 days—until March 7, 2019—to file written exceptions.

8

2019. Second, the only potential "February 2019" document in the parties' filings is Plaintiff's February 18, 2019 letter—attached to the Commissioner's Motion—in which Plaintiff does not challenge the ALJ's decision, but requests an "appointment for SSI benefits determination" for retroactive SSI benefits. (R. 19-4, PageID# 183).

Further, "Notably absent from the regulations considering cases on remand is any method to allow the AC to consider untimely written exceptions." *Jennifer N. v. Saul*, No. 5:18CV957, 2020 U.S. Dist. LEXIS 117161, (N.D.N.Y., March 17, 2020), *adopted*, *Jennifer N. v. Saul*, 2020 U.S. Dist. LEXIS 116427 (N.D.N.Y., July 2, 2020). This is different from requests for review of an initial application, wherein "if an individual files an untimely request for review, the AC is required to consider whether she or he had good cause for the late filing." *Id.,* citing 20 CFR §416.1468. Thus, even if Plaintiff could show good cause, there is no mechanism requiring the AC to review untimely exceptions.

The ALJ's January 31, 2019 decision provided Plaintiff with proper notice regarding his rights to challenge the decision. (R. 19-4, PageID# 169-171). Plaintiff has not shown that he timely filed written exceptions.[28]

---

[28] The court makes no specific finding regarding whether Plaintiff's exceptions were timely filed, but concludes that Plaintiff has not shown that they were. In addition, Plaintiff does not dispute the Commissioner's assertion that the "plaintiff's written exceptions are still pending before the Appeals Council and the Appeals Council has not ruled on whether Plaintiff's written exceptions were timely and, if so, whether the Council would assume jurisdiction." R. 19-1, PageID# 115. The court's recommendation is not changed by that fact, because if it is determined he filed timely exceptions, then they remain pending before the AC, Plaintiff would not have exhausted his administrative remedies, would not have a final decision from which to appeal, and this court would still not have jurisdiction. *See Consenza v. Berryhill*, 873 F.3d 547, 549 (7th Cir. 2017) ("a district court lacks jurisdiction under the Social Security Act…until the agency's decision is final [and here the] agency's decision is not yet final because the Appeals Council has not yet decided whether to take up review of the ALJ's decision.").

### 2. The Appeals Council did not assume jurisdiction *sua sponte*

Pursuant to the regulations, the AC may also assume jurisdiction on its own initiative "[a]ny time within 60 days after the hearing decision…." 20 C.F.R. § 404.984(c). Here, the AC did not assume jurisdiction, *sua sponte*, within 60 days of the ALJ's decision, and Plaintiff has not alleged otherwise.

### 3. Plaintiff did not timely file a direct appeal to federal court

The 60-day limit set forth in Section 405(g) for appealing to federal court "is not jurisdictional but a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The statute of limitations serves to "move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. The 60-day statute of limitations "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Id*. at 479. Failure to timely file a civil action renders this court without subject matter jurisdiction to review a claim. *White v. Comm'r of Soc. Sec*., 83 Fed. App'x. 70, 71-2 (6th Cir. 2003).

Because Plaintiff has not shown that he filed timely exceptions, and the AC has not *sua sponte* assumed jurisdiction, the ALJ's decision became the Commissioner's final decision on April 2, 2019, the 61st day following the ALJ's January 31, 2019 decision. 20 C.F.R. § 404.984(a), (c), (d). Plaintiff then had 60 days after that date to file his complaint in the federal court. 42 U.S.C. §405(g). Therefore, Plaintiff had until June 2, 2019, to file his complaint. Plaintiff, however, filed his complaint on September 30, 2019, which was 181 days after the ALJ's decision became final. (R. 1). Consequently, Plaintiff failed to file a timely complaint.

Furthermore, there is no equitable basis for tolling. "Only in cases where equity favors extending the filing period should the courts extend the time allowed for commencing a civil

action." *White*, 83 F. App'x at 72, (citing *Bowen,* 476 U.S. at 480-81). To determine whether equitable tolling applies, a court considers:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Comm'r of Soc. Sec*., 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Dunlap v. United States*. 250 F.3d 1001, 1008 (6th Cir. 2001).

Plaintiff has not established that he lacked notice or knowledge of the filing requirements of Section 405(g). The ALJ's decision specifically informed Plaintiff of this 60-day filing requirement. (R. 19-4, PageID# 169-171). As to the third factor, whether Plaintiff diligently pursued his right, Plaintiff has not shown that he timely filed exceptions and the appeals counsel did not *sua sponte* accept jurisdiction, so his option for review was to timely file in federal court.

The court notes that on July 30, 2019, *after* the deadline for Plaintiff to file in federal court had passed, the AC notified Plaintiff that his exceptions appeared untimely, giving him an opportunity to prove that he filed them within the thirty day deadline. (R. 19-4, PageID# 192). Plaintiff responded on August 9, 2019. (R 19-4, PageID# 194). But Plaintiff cannot point to this line of communication to excuse the failure to timely file his appeal to federal court, because it began *after* his time to appeal had lapsed. With regard to prejudice to the Commissioner, the Sixth Circuit has stated:

> Although allowing [Plaintiff] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.

*Cook,* 480 F.3d at 437. Finally, Plaintiff does not point to anything to establish that it is was

reasonable to not follow the legal requirements for filing his complaint.[29]

Because none of the factors weigh in Plaintiff's favor, he is not entitled to equitable tolling. *Dunlap,* 250 F.3d at 1008. Accordingly, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

### D. Plaintiff Has Not Shown this Court Has Jurisdiction Over the Claims Relating to SSI Benefits and the Commissioner's Implementation of the ALJ's Decision.

Plaintiff's complaint asserts that he is seeking judicial review, in part, of a decision regarding Title XVI SSI, pursuant to 42 U.S.C. § 1383(c)(3).[30] He further raises multiple issues with the Commissioner's implementation of the ALJ's decision. (R. 14, Grounds 4, 5, 6, 7).[31] The Commissioner argues that Plaintiff has failed to exhaust these claims and therefore they should be dismissed. (R. 19, PageID# 108-09). The court agrees.

"Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Bowen*, 476 U.S. at 484 (quotations omitted). Because Plaintiff's claims regarding SSI and issues

---

[29] Although Plaintiff's Opposition indicates he was injured and partially incapacitated following a September 2019 "hit and run" accident (R. 20, PageID# 198), his Response revised that date to September 2018 (R. 22, PageID# 211), which the court notes was three months before the ALJ's hearing in which Plaintiff appeared with counsel and testified. The ALJ's decision makes no reference of the accident or incapacitation (R. 19-4, PageID# 169-179) and Plaintiff's filings make no effort to show how it altered his ability to appeal the ALJ's decision to federal court by June 2, 2019, nine months later.

[30] 42 USCS § 1383(c)(3) renders judicial provisions of 42 USCS § 405(g) fully applicable to claims for SSI. *Matthews v. Barnhart*, 339 F. Supp. 2d 1286, 2004 U.S. Dist. LEXIS 20206 (N.D. Ala. 2004).

[31] Here too, Plaintiff's claims, further identified *supra* in note 24, are undeveloped.

12

regarding the amounts and timing of his disability payments are initial determinations of the Commissioner, Plaintiff must exhaust the administrative process set forth in 20 C.F.R. §§ 416.1402-416.1483 to obtain a final order. Plaintiff, however, has not yet exhausted these claims and they should be dismissed without prejudice.

Plaintiff concedes that he did not dispute the ALJ's determinations on remand, stating that "[t]he Plaintiff did not find error with the SSA Law Judge's ruling of FULLY FAVORABLE for the Claimant/Plaintiff. Thus, no appeal was filed with the SSA Law Judge's office. As pointed out by the Defendant in their Motion to Dismiss, the SSA staff decides the quantity and extent of SSA Disability or SSI payments to make." (R. 20, PageID# 198). As indicated above, Plaintiff's underlying correspondence with the Commissioner and filings in this case establish that he is contesting matters outside of the ALJ's decision—namely the amount of SSI benefits. (R. 19-4, PageID# 186).

For example, Plaintiff's February 18, 2019 letter and the March 14, 2019 exceptions, both requested SSI retroactively from June 2007. (R. 19-4, PageID# 195). In addition, on March 26, 2019, Plaintiff requested the AC review the "SSA Withholdings," specifically withholdings, retroactive start date, and benefit amounts. (R. 20, PageID# 201). On March 29, 2019, Plaintiff sought a "full review of the Social Security Administration Disability benefits and the start dates of those benefits." (R. 20, PageID# 204).

These issues are aimed at the Commissioner's implementation of the ALJ's finding that he is disabled, not the ALJ's determination itself. Pursuant to 20 C.F.R. §404.902, administrative actions regarding, among others, the amount of Plaintiff's benefits, the application of worker's compensation offset, the offset of supplemental security income payments for the same period, are initial actions subject to administrative and judicial review. 20 C.F.R. §404.90 (c),(e), (r).

13

With regard to SSI, administrative actions regarding, "Your eligibility for, or the amount of, your supplemental security income benefits or your special SSI cash benefits under § 416.262" are initial actions subject to administrative and judicial review. 20 C.F.R. §416.1402 (a), (b).

The record indicates that the Commissioner made an initial determination denying SSI benefits on March 14, 2019. (R. 19-4, PageID# 188). The SSI Notice of Disapproved Claim informed Plaintiff that he had 60 days to file an administrative appeal seeking reconsideration. (R. 19-4, PageID# 189). "It is clear that the notice denying [Plaintiff's] application for SSI benefits…was an 'initial determination' because further administrative remedies were available. Thus, [Plaintiff] did not obtain a 'final decision' of the Secretary and the district court therefore lacked subject matter jurisdiction to review the Secretary's determination." *Willis*, at 397. Plaintiff fails to point the court to a final order regarding SSI. *Hackney v. Comm'r of Soc. Sec.*, No. 1:18CV1397, 2019 U.S. Dist. LEXIS 36856 (N.D. Ohio Jan. 25, 2019) (noting that a plaintiff bears the burden of establishing jurisdiction) *adopted*, *Hackney v. Berryhill*, 2019 WL 1077686 (N.D. Ohio Mar. 7, 2019) (same).

The Commissioner acknowledges that Plaintiff has invoked the administrative review process regarding these issues. (R. 19, PageID# 109). The record before this court does not reflect that the administrative review process is final; and Plaintiff has not shown he exhausted the administrative remedies under 20 C.F.R. §§ 416.1402 - 416.1483, which permit reconsideration, a hearing before an ALJ, and an appeal to the AC. *Id.* The claim becomes final, under Section 405(g), and appealable to the federal court after the AC renders its decision. *Willis*, 931 F.2d at 397. Therefore, the court lacks jurisdiction to entertain this portion of his complaint. *Willis*, 931 F.2d at 397; *Hackney*, 2019 U.S. Dist. LEXIS 36856, at *5, *adopted*, *Hackney*, 2019 WL 1077686, at *1. The motion to dismiss the SSI-related "claims" four through seven should

14

be granted for failure to exhaust.

### III. Conclusion

For the foregoing reasons, it is recommended that the Commissioner's Motion (R. 19) be GRANTED as this Court lacks jurisdiction over Plaintiff's untimely complaint; and in addition, there is no indication that he has exhausted "claims" four through seven relating to the SSI benefits.

s/ *David A. Ruiz*
David A. Ruiz
United States Magistrate Judge

Date: January 27, 2021

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. **28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn,* **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**