UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------
                                            :
TODD M. JACK,                               :
                                            :     CASE NO. 5:19-cv-02272
             Plaintiff,                     :
                                            :
      vs.                                   :     OPINION & ORDER
                                            :     [Resolving Doc. 19; Adopting
                                            :     Doc. 24;  Addressing Doc. 25]
COMMISSIONER OF SOCIAL                      :
SECURITY,                                   :
                                            :
             Defendant.                     :
                                            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Todd Jack sought review of the Social Security Administration's Supplemental

Security Income and Disability Insurance Benefits determination.[1]  The Government filed a

motion to dismiss Plaintiff's complaint as untimely.[2]  Magistrate Judge Ruiz recommends that

this Court grant Defendant's motion to dismiss.[3]  Plaintiff objects to the recommendation.[4]

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS**

the Magistrate Judge's Report and Recommendation ("R&R"), and **DISMISSES** Plaintiff's

complaint without prejudice.

I.    Background

In December 2011, Plaintiff Jack applied for Social Security Disability Insurance

Benefits ("DIB"), claiming disability due to partial blindness in his right eye, a physical

---

[1] Doc. 1; Doc. 24 at 1.
[2] Doc. 19.
[3] Doc. 24.
[4] Doc. 25.

Case No. 19-cv-02272
Gwin, J.

impairment in his back, and psychological impairment following his service in the Navy.[5]

The Social Security Administration denied Jack's application.[6]

Jack appealed in federal court in Florida, which reversed in part and remanded his case for further administrative proceedings.[7]  In April 2018, the Social Security Appeals Council remanded the case to an administrative law judge ("ALJ") with instructions to consolidate Jack's earlier DIB claim with his subsequent 2017 DIB and Supplemental Security Income ("SSI") claims.[8]

In December 2018, Plaintiff testified at a hearing before an ALJ and amended his disability onset date to September 2014.[9]

On January 31, 2019, the ALJ issued a fully favorable final decision, finding Jack disabled since September 2014 for his DIB and SSI claims.[10]  The ALJ's decision was a final decision in the remanded case, but the ALJ's SSI decision was an initial determination.[11]

However, when the Commissioner notified Plaintiff of an appointment to further determine his SSI eligibility, Plaintiff responded by requesting retroactive SSI benefits beginning from June 2007.[12]  On March 14, 2019, the Commissioner rejected Plaintiff's claim for SSI benefits because he had not provided requested information or evidence.[13]

---

[5] Doc. 19-3 at 4.
[6] Doc. 24 at 1.
[7] Doc. 19 at 3; Doc. 24 at 1.
[8] Doc. 19 at 3.
[9] Doc. 24 at 2.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 3.
[13] *Id.*

Case No. 19-cv-02272
Gwin, J.

That same day, March 14, Plaintiff requested the Appeals Committee review the ALJ's

disability start date determination.  The Appeals Committee construed Plaintiff's request as

an untimely "exception" to the ALJ's January 2019 decision.[14]

On September 30, 2019, Plaintiff filed this case seeking review of the Social Security

Administration's decisions.[15]

Judge Ruiz's R&R recommends that the Court dismiss Plaintiff's complaint as

untimely.  If Plaintiff disagreed with the ALJ's January 31, 2019 decision, he needed to (1)

file written exceptions by March 7, 2019; (2) file a request for an extension by March 7,

2019;[16] or (3) file a federal court complaint before June 3, 2019.[17]

Plaintiff asked the Appeals Committee to review the ALJ's decision on March 14,

2019, and filed this case on September 30, 2019.[18]

Plaintiff Jack's claims contesting the ALJ's decision are untimely.[19]

Further, the Court does not have jurisdiction over the aspects of Plaintiff's complaint

addressing his denied SSI claim.[20]  The Commissioner's decision to deny Jack SSI benefits

and withhold payments were both initial determinations implementing the ALJ's decision.

According to Defendant, Plaintiff seeks administrative review but has not shown that the

Agency made a final decision.[21]  This Court does not have jurisdiction.

---

[14] *Id.*

[15] Doc. 1.  Judge Ruiz explained that Plaintiff's brought "seven claims, but the crux of his case requests $4,800 per month in retroactive disability payments."  Plaintiff also contests the ALJ's disability onset date determination.  Doc. 24 at 4.

[16] Doc. 24 at 2–3, 8.

[17] *Id.* at 8, 10.

[18] *Id.*

[19] Doc. 24 at 7.

[20] The Court cannot review these initial decisions before the administrative review process is finalized through agency reconsideration, a hearing before an ALJ, and an appeal to the Appeals Committee.  *Id.* at 14.

[21] Doc. 19 at 10–11; Doc. 24 at 12–14.

Case No. 19-cv-02272
Gwin, J.

## II.   Standard of Review

The Federal Magistrates Act requires a district court to conduct a *de novo* review of

objected-to portions of an R&R.[22]  The district court may "accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate judge."[23]

## III.   Discussion

Plaintiff objected to Magistrate Judge Ruiz's R&R.[24]

First, Plaintiff argues that he timely appealed the ALJ's decision by phone on March

6, 2019.[25]  The Appeals Committee requires exceptions to be made in writing.[26]  The phone

call does not qualify as a timely appeal to the Appeals Committee.

Next, Plaintiff Jack indicates that on March 14, 2019, he appealed his disability start

date to the Appeals Committee.[27]  As, the R&R explained, Plaintiff had only until March 7,

2019, to make an appeal.  Plaintiff's appeal was not timely.[28]

Plaintiff also points to a March 29, 2019, document titled "Appeals of SSA

Withholdings"[29] and two March 26, 2019, requests to the Appeals Committee[30] regarding

withheld payments and his monthly benefit amount.[31]  Again, Plaintiff takes issue with the

Commissioner's initial SSI decision and demonstrates that he has invoked administrative

---

[22] 28 U.S.C. § 636(b)(1).
[23] *Id.*
[24] Doc. 25.  Defendant responded to Plaintiff's objection.  Doc. 26.
[25] Doc. 25 at 1–2.
[26] 20 C.F.R. § 404.984; *see also* Doc. 26 at 1.
[27] Doc. 25 at 1; Doc. 25-4.
[28] Doc. 24 at 8.
[29] Doc. 25-3.
[30] Doc. 25-4 at 2; Doc. 25-5.
[31] Doc. 25 at 1.

-4-

Case No. 19-cv-02272
Gwin, J.

review.[32]  However, Plaintiff has not shown that the Appeals Committee has rendered a final

decision on these claims.  The Court cannot review the Commissioner's non-final decision.

Finally, Plaintiff objects that "the Social Security Administration, Supplemental

Security Income acknowledged the Claimant's prompt filing for reconsideration as of May

28, 2019."[33]  Again, that Plaintiff has sought reconsideration does not change the fact that

there is no final Administration decision in the record for the Court to consider.

## IV.  Conclusion

For these reasons, this Court **OVERRULES** Plaintiff's objection, **ADOPTS** the

Magistrate Judge's Report and Recommendation, and **DISMISSES** Plaintiff's complaint

without prejudice.


IT IS SO ORDERED.


Dated: August 3, 2021                                          s/      *James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE

---

[32] *See* Doc. 24 at 13–14 ("These issues are aimed at the Commissioner's implementation of the ALJ's finding that he is disabled, not the ALJ's determination itself.  Pursuant to 20 C.F.R. §404.902, administrative actions regarding, among others, the amount of Plaintiff's benefits, the application of worker's compensation offset, the offset of supplemental security income payments for the same period, are initial actions subject to administrative and judicial review. . . . With regard to SSI, administrative actions regarding, 'Your eligibility for, or the amount of, your supplemental security income benefits or your special SSI cash benefits under § 416.262' are initial actions subject to administrative and judicial review.").
[33] Doc. 25 at 2.